D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff proposed FLSA
Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
**BIKASH GC and PRAKASH GC, on behalf of themselves and others similarly situated,**

**Plaintiffs,**

v.

**FLAGSHIP S B AMSTERDAM NY, LLC, d/b/a SARAVANAA BHAVAN, FLAGSHIP S B NEW YORK, LLC, d/b/a SARAVANAA BHAVAN, and MATHAIA RAMAIAH,**

**Defendants.**
-------------------------------------------------------x

**CASE NO:**

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, on behalf of themselves and all others similarly situated, allege as follows:

### JURISDICTION AND VENUE

1.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant FLAGSHIP S B AMSTERDAM NY, LLC is a New York limited liability company that owns/operates Saravanaa Bhavaan Restaurant's Upper West Side location.

5. Defendant FLAGSHIP S B NEW YORK, LLC is a New York limited liability company that owns/operates Saravanaa Bhavaan Restaurant's Midtown East location.

6. Defendants FLAGSHIP S B AMSTERDAM NY, LLC and FLAGSHIP S B NEW YORK, LLC are collectively referred to herein as the "Saravanaa Bhavan Restaurants."

7. Each of the Saravanaa Bhavan Restaurants has annual gross sales in excess of $500,000.

8. The Saravanaa Bhavan Restaurants are part of a single integrated enterprise that jointly employed Plaintiffs and those similarly situated at all relevant times.

9. Each of the Restaurants operates under the same trade name, Saravanaa Bhavan.

10. The Saravanaa Bhavan Restaurants share the same website, used for the international group of Saravanaa Bhavan restaurants: www.saravanabhavan.com

11. The Saravanaa Bhavan Restaurants share common ownership and management, including the Individual Defendant named herein, Mathaia Ramaiah.

12. The Saravanaa Bhavan Restaurants share the same general management and have centralized payroll practices. In fact, Plaintiffs at times worked at both locations in a single workweek.

13. Defendants Mathaia Ramaiah is the managing owner of the Saravanaa Bahvan Restaurants.

14. Defendants Mathaia Ramaiah is a regular presence at the Saravanaa Bhanvan Restaurants, managing their day-to day activities.

15. Defendants Mathaia Ramaiah has and exercises authority over employees' rates of pay, schedules, hiring and firing, and maintenance of employment records. For example, he terminated both Plaintiff's employment with Saravanaa Bhavan.

16. Plaintiff Prakash GC worked at Saravanaa Bhavan Restaurants as a server from 2013 until September 2019.

17. Plaintiff Bikash GC worked at Saravana Bhavan Restaurants as a server from 2015 until September 2019.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them proper overtime wages for hours worked in excess of forty per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

3

20. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21. Plaintiffs bring the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all captains, bartenders, and servers employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

22. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

23. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than fifty (50) members of the Class.

24. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member

4

of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage, overtime compensation, and illegal retention of tips. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of

separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

b) At what common rate, or rates subject to common methods of calculation, was and is Defendants required to pay Plaintiffs and the Class members for their work.

c) Whether Defendants paid Plaintiffs and the Class members the minimum wage for all hours worked.

d) Whether Defendants properly compensated Plaintiffs and Class members for overtime.

e)   Whether Defendants illegally retained portions of Plaintiffs' tips and the Class members' tips.

f)   Whether Plaintiffs and Class members were forced to share their tips with parties who are not entitled to their tips.

g)   Whether Defendants provided Plaintiffs and Class members with the proper notices.

h)   Whether Defendants properly paid Plaintiffs and Class Members NY's "spread of hours" premium.

## FACTS

29. Plaintiffs' Consent to Sue forms are attached as Exhibit A.

30. Defendants committed the following alleged acts knowingly, intentionally and willfully.

31. Before about August 2016, Plaintiffs typically worked six double shifts per week. Double shifts started at 11:00 a.m./12:00 p.m. and ended at 10:00/10:30 p.m.

32. During this time, Plaintiffs were not paid any overtime. Their hours were always reduced to below 40 per week on their paychecks.

33. During this time, Plaintiffs also were not paid New York's "spread of hours" premium, even though most of their shifts lasted longer than 10 hours.

34. After August- 2016, Plaintiffs' hours were reduced, and they were mostly paid for their hours worked.

35. Throughout Plaintiff's employment, including post-2016, the hourly rate Plaintiffs received was less than full minimum wage. However, Defendants were not entitled to pay them pursuant to any "tip credits" because they did not give Plaintiffs proper notice of the tip credit.

36. Even after 2016, Plaintiffs occasionally worked overtime. For example, during the weeks between 5/29/2017 and 6/11/2017, Plaintiff Bikash GC worked and was paid over 10 hours overtime at the tip credit overtime wage. During the weeks between 6/12/2017 and 6/25/2017, Plaintiff Prakash GC worked and was paid for 18 hours overtime at the tip credit overtime wage.

37. Because Defendants were not entitled to use the tip credit for any of Plaintiff's work, the overtime rate for which Plaintiffs' were paid was incorrect

38. Throughout Plaintiffs' employment, when they worked at the Midtown East location, Defendants required them to share tips with employees whose primary duties to prepare food in the kitchen, such as Miguel (last name unknown).

39. Plaintiffs did not receive accurate wage statements throughout their employment.

40. Plaintiffs did not receive proper Notices and Acknowledgement of Pay Rate forms at the beginning of their employments.

41. Defendants knew that nonpayment of minimum wage/overtime and improperly forcing and/or the Plaintiffs to share their tips with management would economically injure Plaintiffs and violated federal and state laws.

42. Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Plaintiffs, and the Class Members.

### FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**
**(Brought By Plaintiffs on Behalf of Themselves
and the FLSA Collective Plaintiffs)**

43. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

44. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

45. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plaintiffs at one and one half times the greater of their regular rate or the full federal minimum wage for work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs and the FLSA Collective Plaintiffs were entitled to overtime.

46. Plaintiffs, on behalf of themselves the FLSA Collective Plaintiffs, seek damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)
(Brought By Plaintiffs on Behalf of Themselves and the Class)

47. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

48. Defendants knowingly failed to pay Plaintiffs and the Class members the full New York State minimum wage for all hours worked.

49. Defendants' failure to pay Plaintiffs and the Class members the New York minimum wage was willful.

50. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### THIRD CLAIM FOR RELIEF
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)
(Brought By Plaintiffs on Behalf of Themselves and the Class)

51. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

52. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

53. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the full New York minimum wage for hours worked in excess of forty (40) hours per workweek.

54. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FOURTH CLAIM FOR RELIEF
(Illegal Deductions from Gratuities, N.Y. Lab. L. §§ 193, 196-d and 198-b)
(Brought by Plaintiffs on Behalf of Themselves and the Class)

55. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

56. Defendants willfully retained and continue to retain portions of Plaintiffs' tips and Class members' tips.

57. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### FIFTH CLAIM FOR RELIEF
**(New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

58. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

59. Defendants did not provide Plaintiffs and members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

60. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(New York Spread of Hours Violations,**
**N.Y. Lab. L. § 650 *et seq.*, and N.Y. Comp. Code R. &**
**Regs. tit. 12, 146-1.6)**
**(Brought By Plaintiffs on Behalf of Themselves and the Class)**

61. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

62. Plaintiff and the Class members regularly had workdays that lasted more than ten (10) hours.

63. Defendants willfully and intentionally failed to compensate Plaintiff and Class members one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

As a result of Defendants' willful and unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at

trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiffs as Representatives of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York      Respectfully submitted,
       March 5, 2020

                                JOSEPH & KIRSCHENBAUM LLP

                                By:   *s/D. Maimon Kirschenbaum*
                                        D. Maimon Kirschenbaum
                                        Josef Nussbaum
                                        32 Broadway, Suite 601
                                        New York, NY 10004
                                        Tel: (212) 688-5640
                                        Fax: (212) 688-2548

                                *Attorneys for Named Plaintiffs, proposed*
                                *FLSA Collective Plaintiffs, and proposed*
                                *Class*

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Saravanaa Bhavan and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Bikash GC

_____
Full Legal Name (Print)

*DocuSigned by:*
*[signature]*
A4FBE289B8EA47A...
_____
Signature

8/16/2019

_____
Date

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Saravanaa Bhavan and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Prakash GC

_____
Full Legal Name (Print)

DocuSigned by:
*[signature]*
5C8AD6DE6D254CE...
_____
Signature

8/16/2019

_____
Date